UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, Jr., <br><br> Plaintiff, <br><br> v. <br><br> D. BODENHAMER, et al., <br><br> Defendants. | No. 2:16-cv-2665 JAM DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. In his complaint, plaintiff alleges that his cell at California State Prison – Sacramento ("CSP-Sac") is not in compliance with the Americans with Disabilities Act ("ADA") or with section 504 of the Rehabilitation Act. Before the court is plaintiff's motion to proceed in forma pauperis, multiple motions for injunctive relief and for the appointment of counsel, and a motion to amend his complaint. For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis, deny plaintiff's motions for the appointment of counsel and to amend his complaint, give plaintiff an opportunity to file an amended complaint, and recommend denial of plaintiff's motions for injunctive relief.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## MOTIONS FOR INJUNCTIVE RELIEF

Shortly after filing his complaint in November 2016, in a document filed here on December 12, 2016, plaintiff notified the court that he had been transferred from CSP-Sac to California State Prison – Corcoran ("CSP-Corcoran"). (ECF No. 6.) Also in that notice, plaintiff complained that he had been transferred in retaliation for bringing this action, was being confined to his cell 24-hours a day, and was being denied access to the library. He requested an order from the court for daily library access, for a transfer back to CSP-Sac, and for appointment of counsel. Since then, plaintiff filed four additional motions or requests for a transfer to CSP-Sac, or, in more recent filings, to the California Medical Facility ("CMF"), for library access, and for the appointment of counsel. (ECF Nos. 7, 9-11.) After reviewing these filings, with the exception of the requests for appointment of counsel, which are addressed below, it appears that they are most appropriately characterized as motions for preliminary injunctive relief, and consequently, are referred to as such herein.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Therefore, a party seeking a preliminary injunction must show a "sufficient nexus between the claims raised in a motion for

injunctive relief and the claims set forth in the underlying complaint itself." Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). That relationship is sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same character as that which may be granted finally.'" Id. (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id. For similar reasons, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court."). Because plaintiff seeks to amend his complaint, the court has not yet determined whether plaintiff states a potentially cognizable claim for relief. Thus, as yet, plaintiff has not demonstrated that he is likely to prevail on the merits of his claims. Moreover, the injunctive relief plaintiff seeks involves his current confinement at CSP-Corcoran. However, the defendants named by plaintiff are all employed at CSP-Sac. Accordingly, plaintiff's motions for preliminary injunctive relief should be denied as premature.[1]

**MOTION TO AMEND COMPLAINT**

Plaintiff moves to amend his complaint to add D. David, the warden of CSP-Corcoran. (ECF No. 8.) Plaintiff may amend his complaint once as a matter of right, without making a

////

---

[1] Late last year, plaintiff was advised in another action that he may not file repeated, meritless motions for injunctive relief. See Tunstall v. Virga, 2:14-cv-2220 TLN DB P (Findings and Recos. filed Nov. 15, 2016.) Plaintiff was cautioned then, and is cautioned now, that if he continues to make meritless and frivolous filings, the court may issue an order limiting his ability to make continued filings in this case.

motion to do so. See Fed. R. Civ. P. 15(a)(1)(A). Therefore, plaintiff's motion to amend his complaint is moot.

To amend his complaint, plaintiff must file a new complaint and label it "First Amended Complaint." An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Cal. R. 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.). Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R.

Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## REQUESTS FOR APPOINTMENT OF COUNSEL

In several of his motions for injunctive relief, plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff simply requests appointment of counsel without attempting to make a showing of exceptional circumstances. The court does not independently find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.
3. Plaintiff's motion to amend his complaint (ECF No. 8) is denied as moot.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. If plaintiff's fails to file an amended complaint within the time provided, or otherwise respond to this order, this case will proceed on plaintiff's original complaint filed here on November 9, 2016.
5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.
6. Plaintiff's requests for appointment of counsel are denied.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 6, 7, 9, 10, and 11) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////

6

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/tuns2665.scrn