UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, Jr., | No. 2:16-cv-2665 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| D. BODENHAMER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges his cell at California State Prison – Sacramento ("CSP-Sac") was not in compliance with the Americans with Disabilities Act ("ADA") or with section 504 of the Rehabilitation Act ("RA") and he suffered injury as a result. In an order signed on May 17, 2017, in response to plaintiff's motion to file an amended complaint, the court instructed plaintiff on filing an amended complaint and gave him thirty days to do so. The court informed plaintiff that if he failed to file an amended complaint, this case would proceed on his original complaint. Plaintiff has not filed an amended complaint.

Because plaintiff did not file an amended complaint, the court will screen his original complaint filed here on November 9, 2016. (ECF No. 1.) For the reasons set forth below, the court finds plaintiff fails to state cognizable claims under the ADA and RA. Plaintiff will be given an opportunity to amend his complaint to do so.

1

# SCREENING

## I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

2

Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations of the Complaint**

Plaintiff's claims involve his treatment when he was confined at CSP-Sac.[1] Plaintiff identifies the following defendants: Physician Assistant D. Bodenhamer, Chief Executive Officer M. Felder, Deputy Director J. Lewis, Associate Warden B.D. Forsterer, and Federal Receiver J. Clark Kelso.  (Comp. (ECF No. 1 at 1-4).)

Plaintiff alleges that he has numerous disabilities, including a seizure disorder, loss of balance, degenerative joint disease, abdominal problems caused by three abdominal surgeries, and impaired mobility.  He claims his cell at CSP-Sac was not ADA compliant because the doorway was too narrow to accommodate his walker without folding it, the cell had no mirror, the cell had no side bar to assist with using the toilet, the toilet flush valve's location required bending, and the cell had no trapeze to assist getting in and out of bed.  (Id. at 4-6.)

---

[1] Plaintiff is currently confined at California State Prison-Corcoran ("CSP-Corcoran").

Plaintiff further contends the cell did not have an emergency call light system so he was unable to call for assistance when he fell due to a seizure. (Id. at 6.)

Plaintiff contends that as a result of these inadequacies in his cell, he suffered abdominal pain daily from being forced to fold and carry his walker through his cell doorway. He also suffered pain because he could not summon medical assistance and had to wait until the medication nurse made his or her rounds. (Id. at 8.)

Plaintiff seeks a transfer to the California Medical Facility, an order requiring defendants to make all medical cells at CSP-Sac ADA compliant, and damages. (Id. at 9.)

**III. Does Plaintiff State Cognizable Claims?**

**A. Legal Standards under the ADA and RA**

**1. Standards to State a Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant

4

failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility- and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

To establish a violation of section 504 of the RA, plaintiff must show "(1) she is handicapped within the meaning of the [RA]; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). The elements of claims under the ADA and the RA are functionally the same. See Atcherley v. Hanna, No. 2:13-cv-0576 AC P, 2014 WL 2918852, at *7 (E.D. Cal. June 26, 2014).

////

5

### 2. Appropriate Defendants in ADA/RA Actions

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153. State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). However, a state official sued in her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Applegate v. CCI, No. 1:16-cv-1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Plaintiff also cannot bring a § 1983 action against defendants in their individual capacities based on allegedly discriminatory conduct. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." Id.

Generally, a plaintiff is not entitled to monetary damages against defendants in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."). However, the Eleventh Amendment does not bar ADA or RA suits against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792-93 (9th Cir. 2004).

### B. Does Plaintiff Sufficiently Allege ADA Claims?

### 1. Claims against Defendant Kelso

Defendant Kelso, who is the Receiver for CDCR's health care system, is entitled to quasi-judicial immunity. Plata v. Schwarzenegger, No. C01-1351-THE (N.D. Cal., Order dated Jan. 23, 2008) (appointing Kelso as Receiver).[2] In appointing a receiver, the court stated that "[t]he

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court

Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court." Id. (Order dated Feb. 14, 2006).

"Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (quoting Burns v. Reed, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). "Judicial or quasi-judicial immunity is not available only to those who adjudicate disputes in an adversarial setting. Rather, the immunity is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" Id. at 948 (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). "Under federal law, court-appointed 'receivers are court officers who share the immunity awarded to judges.'" Alta Gold Mining Co. v. Aero-Nautical Leasing Corp., 656 F. App'x 316, 318 (9th Cir. 2016) (quoting New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989)). "[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (internal citations omitted).

Plaintiff brings suit against Kelso, as Receiver "to over see the California Department of Corrections and Rehabilitation." (ECF No. 1 at 4.) Plaintiff makes no other reference to Kelso in the body of his complaint or, as far as the court can tell, in the attachments thereto. Defendant Kelso is entitled to immunity unless his actions were taken in the complete absence of all jurisdiction.

Kelso's jurisdiction encompasses the following specific charge from the court: "the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." Plata, No. C01-1351-THE (Order dated Feb. 14, 2006). Defendant Kelso's authority over treatment policies and personnel are entirely within his jurisdiction. See Williams v. CDCR,

may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

No. 1:14-CV-01912-JLT (PC), 2015 WL 6669816, at *6 (E.D. Cal. Oct. 29, 2015) (finding no allegation that Kelso acted outside his jurisdiction in claim that he did not properly monitor plaintiff's disease); <u>Martinez v. Beard</u>, No. 1:14-CV-00405-AWI-JLT (PC), 2014 WL 5305883, at *9 (E.D. Cal. Oct. 15, 2014) (finding no allegation Kelso acted outside his jurisdiction despite plaintiff's allegation that he was liable as Receiver because he acted in such a way to deny medical care).

Plaintiff will be given an opportunity to amend his complaint to explain what actions defendant Kelso took that caused plaintiff harm and why defendant Kelso should not be protected by judicial immunity.

## 2. Claims against the Remaining Defendants

As it stands, plaintiff's complaint fails to state any claims for relief against the remaining defendants. First, because plaintiff is no longer incarcerated at CSP-Sac, his claims for injunctive relief – orders requiring defendants to make cells ADA compliant and for a transfer to CMF – are moot and will be dismissed.[3] Therefore, plaintiff's only remaining claims are for damages. Second, plaintiff's claims against defendants in their individual capacities will be dismissed because they are not proper defendants under the ADA and RA. <u>See</u> <u>Vinson</u>, 288 F.3d at 1156.

Finally, plaintiff's claims against defendants in their official capacities will be dismissed because he fails to allege intentional discrimination. In order to state a claim for damages under the ADA against defendants in their official capacities, plaintiff must allege defendants intentionally discriminated against him. <u>Duvall</u>, 260 F.3d at 1138. The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." <u>Id.</u> at 1139. The first prong is satisfied if plaintiff identifies a specific, reasonable, and necessary accommodation that the defendant failed to provide. <u>Id.</u> The second prong is satisfied by showing that the defendant deliberately failed to fulfill his duty to act in response to plaintiff's

---

[3] To the extent plaintiff is attempting to state claims on behalf of the class of disabled prisoners at CSP-Sac, he may not do so. <u>See</u> <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (a pro se litigant may not appear as an attorney for others).

request for accommodation.  Id. at 1139–40.

Plaintiff fails to allege specific actions by any defendants.  Rather, he simply explains that his cell was inadequate and, as a result, he suffered injury.  Plaintiff will be given an opportunity to amend his complaint to state a claim for damages against defendants Bodenhamer, Felder, Lewis, and Forsterer in their official capacities.

**UNRELATED CLAIMS**

Plaintiff has filed numerous motions for injunctive relief[4] and notices informing the court that he has been subjected to harassment and retaliation at CSP-Corcoran, where he is currently confined.  Plaintiff is advised that he may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  If plaintiff wishes to pursue relief in this court for actions taken by officials at CSP-Corcoran, he must file a separate suit.

In his many filings, plaintiff does state one claim that may be considered in this case. Plaintiff contends multiple times that he was transferred from CSP-Sac to CSP-Corcoran in retaliation for filing this suit.  (See ECF Nos. 22, 22, 24.)  If plaintiff wishes to pursue this claim, he must identify the prison official or officials who were responsible for his transfer, include them as defendant(s) in this action, and present facts showing each of the following five elements of a retaliation claim:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

---

[4] Prior to issuance of the May 17 order, plaintiff had filed five motions for injunctive relief.  The court denied those motions.  (See ECF Nos. 12, 18.)  Plaintiff's pending motions for injunctive relief are addressed by the court in separate findings and recommendations.

correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

### FILING AN AMENDED COMPLAINT

As set out above, plaintiff fails to state cognizable claims against any defendant. He will be given an opportunity to do so.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. <u>See</u> Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v. Sorema</u> <u>N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

1. Plaintiff's claims for injunctive relief and his claims against defendants in their individual capacities are dismissed.  His remaining claims for damages against defendants in their official capacities are dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, may result in a recommendation that this case be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  August 17, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/tuns2665.am comp

11