1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT WILLIAM TUNSTALL, Jr.,          No.  2:16-cv-2665 JAM DB P

12              Plaintiff,

13        v.                                ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   D. BODENHAMER, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

18   under 42 U.S.C. § 1983.  Plaintiff alleges his cell at California State Prison – Sacramento ("CSP-

19   Sac") was not in compliance with the Americans with Disabilities Act ("ADA") or with section

20   504 of the Rehabilitation Act.  Before the court are various motions and notices by plaintiff in

21   which he appears to seek preliminary injunctive relief.  For the reasons set out below, the court

22   recommends plaintiff's motions be denied.

23                              **BACKGROUND**

24        After plaintiff filed his original complaint on November 9, 2016, he moved to file an

25   amended complaint.  (ECF Nos. 1, 8.)  In addition, plaintiff filed multiple motions asserting

26   retaliation and lack of library access, and requesting the appointment of counsel.  In an order

27   signed on May 17, 2017, the court instructed plaintiff on filing an amended complaint and gave

28   him thirty days to do so.  (ECF No. 12.)  The court informed plaintiff that if he failed to file an

                                            1

amended complaint, this case would proceed on his original complaint. In addition, in the May 17 order, the court recommended denial of plaintiff's various requests for injunctive relief.

Plaintiff did not filed an amended complaint.[1] He has, however, filed more motions for injunctive relief[2] and notices informing the court that he has been subjected to harassment and retaliation at California State Prison, Corcoran ("CSP-Corcoran"), where he is currently confined. The court addressed plaintiff's July 5, 2017 motion for a protective order on July 12, 2017. (ECF Nos. 16, 17.) Plaintiff filed objections to the court's recommendation that his motion for a protective order be denied. (ECF No. 20.) Since then, plaintiff has filed multiple motions, notices, and "evidence."

**MOTIONS FOR INJUNCTIVE RELIEF**

I.    **Plaintiff's Motions**

The following are plaintiff's outstanding motions and "notices:"

- July 20, 2017 "MOTION FOR COURT ORDER." Plaintiff moves for law library access and for the appointment of counsel. Plaintiff states he is being denied research, copies, and legal supplies due to retaliation. Plaintiff also complains that he is "totally confined" to his cell. (ECF No. 19.)

- July 24, 2017 "EMERGENCY MOTION for assistance." Plaintiff reiterates his prior complaints about access to the law library and supplies. He also states that he is being denied the right to make copies. He again states that he is being confined to his cell for non-disciplinary reasons at all times. Plaintiff also complains that he was transferred to CSP-Corcoran in retaliation for filing this suit and he is not being provided breakfast or lunch. (ECF No. 21.)

- July 26, 2017 "RESPONSE TO COURT ORDER DATED: July 14, 2017." Plaintiff complains that he was transferred from CSP-Sac to CSP-Corcoran in retaliation for

---

[1] In an accompanying order, the court screens plaintiff's original complaint and finds he fails to state any cognizable claims. Plaintiff will be given an opportunity to file an amended complaint.

[2] Prior to issuance of the May 17 order, plaintiff had filed five motions for injunctive relief. The court denied those motions. (See ECF Nos. 12, 18.)

this court action; that he is confined to his cell all the time; that he has no law library access; that library staff is refusing to help him in retaliation for this court action and for grievances he has filed against CSP-Corcoran staff; that officers at CSP-Corcoran are not providing him meals.  Plaintiff also contends here that he is not being provided adequate medical treatment at CSP-Corcoran.  (ECF No. 22.)

- July 27, 2017 "HARASSMENT, RETALIATION, VERBAL THREATS TO BE PHYSICALLY ASSAULTED."  Plaintiff complains of harassment by Officers Adams and Barnhart in retaliation for filing grievances.  He also claims a nurse discriminated against him based on his race when she turned on bright lights, causing harm to plaintiff's eye.  Plaintiff repeats his contention that he is being "'Falsely Imprisoned' 24/7 by Prison Staff."  He adds a new allegation that the wheelchair he has been provided is not ADA compliant and is not safe.  (ECF No. 23.)

- July 31, 2017 "NOTICE OF CONTINUED RETALIATION EVIDENCE."  In addition to repetition of prior complaints, plaintiff contends he is receiving "NO Programs, Services, Benefits or Activities."  (ECF No. 24.)

- August 7, 2017 "EMERGENCY NOTICE OF EVIDENCE."  Plaintiff states here that he filed a request for accommodations at CSP-Corcoran in which he described a physical assault by Officer Adams.  He contends the prison notified Adams of his complaint and his life is now in danger as a result.  (ECF No. 25.)

- August 9, 2017 "MOTION FOR COURT ORDER."  Here, plaintiff contends prison officials are failing to respond to his appeals.  He also seeks appointment of counsel and access to the law library.  (ECF No. 26.)

- August 14, 2017 "NOTICE OF RETALIATION."  Plaintiff complains that officers at CSP-Corcoran provided him with a non-ADA compliant wheelchair and assaulted him with it.  (ECF No. 27.)

- August 14, 2017 "EVIDENCE."  In this filing, plaintiff contends prison staff falsified documents to show plaintiff is suicidal and, as a result, he is being confined to his cell all the time.  Plaintiff contends this action, and others, have been taken in retaliation

for filing this suit and for a physical assault on plaintiff that resulted in five officers and one nurse being fired.  (ECF No. 28.)

Many of plaintiff's filings do not seek immediate relief, but appear to be an attempt to make new claims in this proceeding. In a separate order, this court addresses plaintiff's many complaints about staff at CSP-Corcoran and advises plaintiff that he must file a separate action if he wishes to pursue those complaints.  An examination of plaintiff's filings shows that plaintiff appears to be seeking the following immediate relief from the court by way of injunction:

1. An order requiring CSP-Corcoran to provide plaintiff access to the law library, legal supplies, and a photocopy machine.

2. An order requiring CSP-Corcoran to allow plaintiff access to programs and services and to release him from the 24-hour per day/7-day a week confinement in his cell.

3. An order requiring CSP-Corcoran to provide plaintiff all of his meals.

4. An order requiring officials at CSP-Corcoran to respond to plaintiff's appeals.

In addition, plaintiff seeks appointment of counsel.

## II.    Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

4

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[3]

### III.     Analysis

The court finds most of the relief plaintiff seeks here is not appropriate in this action. Plaintiff seeks injunctions against officials at CSP-Corcoran, who are not parties to this action. In addition, plaintiff is not seeking relief based on the subject matter of this action – whether his cell at CSP-Sac was ADA compliant. The court is concerned, however, about plaintiff's assertion that he is not being provided access to the library, legal materials, or photocopying. The court will

---

[3] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

order the Office of the Attorney General to contact the litigation coordinator at CSP-Corcoran and inform the court about plaintiff's access to the law library, legal materials, and photocopying.

## MOTIONS FOR THE APPOINTMENT OF COUNSEL

At several places in his many filings, plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff simply requests appointment of counsel without attempting to make a showing of exceptional circumstances. The court does not independently find the required exceptional circumstances.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

    1.   The Office of the California Attorney General is instructed to:

        a.   Contact the CSP-Corcoran Litigation Coordinator to determine what, if any, access plaintiff currently has to the law library, legal materials, and photocopying.

        b.   Within twenty days after the filing date of this order, file and serve a statement reflecting the findings of such inquiry, including all appropriate declarations.

    2.   The Clerk of the Court is directed to serve a copy of this order on Ms. Monica Anderson, Supervising Deputy Attorney General

    3.   Plaintiff's requests for the appointment of counsel are denied.

////

Further, IT IS HEREBY RECOMMENDED that, with the exception of plaintiff's request for access to the law library and legal materials, plaintiff's motions and requests for injunctive relief (ECF Nos. 19, 21, 22, 23, 24, and 26) are denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 17, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/tuns2665.pi fr