UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, Jr., <br><br> Plaintiff, <br><br> v. <br><br> D. BODENHAMER, <br><br> Defendants. | No. 2:16-cv-2665 JAM DB P <br><br> <u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges his cell at California State Prison – Sacramento ("CSP-Sac") was not in compliance with the Americans with Disabilities Act ("ADA") or with section 504 of the Rehabilitation Act. Plaintiff is currently confined at California State Prison – Corcoran ("CSP-Corcoran"). Before the court are multiple motions for injunctive relief. For the reasons set forth below, the court recommends all motions be denied. Further, the court warns plaintiff that his continued filing of inappropriate and/or repetitive motions may result in dismissal of this action.

**BACKGROUND**

In plaintiff's original complaint, filed here on November 9, 2016, he alleged that his cell at CSP-Sac was not compliant with the ADA and RA. After plaintiff filed his original complaint on November 9, 2016, he moved to file an amended complaint. (ECF Nos. 1, 8.) In addition,

plaintiff filed multiple motions asserting retaliation and lack of library access, and requesting the appointment of counsel. In an order filed May 18, 2017, the court instructed plaintiff on filing an amended complaint and gave him thirty days to do so. The court informed plaintiff that if he failed to file an amended complaint, this case would proceed on his original complaint. In addition, in the May 17 order, the court recommended denial of plaintiff's five pending requests for injunctive relief. (ECF No. 12.) The district court adopted those recommendations. (ECF No. 18.)

Plaintiff did not file an amended complaint, but in July and August 2017, he filed numerous additional motions for injunctive relief. In an order filed August 18, 2017, the court found plaintiff failed to state any cognizable claims under the ADA or RA and gave plaintiff the opportunity to amend his complaint.[1] (ECF No. 29.) In findings and recommendations also filed on August 18, the court recommended denial of six of plaintiff's motions for injunctive relief. (ECF No. 30.) With respect to plaintiff's motions for access to the law library and legal materials, the court ordered a response from the California Attorney General about the status of plaintiff's access to those materials and services. (Id. at 6.)

Plaintiff also filed a motion to be placed in protective custody. (ECF No. 16.) The court recommended denial of that motion as well. (ECF No. 17.)

On September 7, 2017, Supervising Deputy Attorney General Monica Anderson specially appeared in this matter by filing a response to the court's August 18 order. Based on Ms. Anderson's filing, the court understands that plaintiff is housed in the Correctional Treatment Center ("CTC") at CSP-Corcoran due to his medical status. (See Decl. of M. Kimbrell (ECF No. 36-1) ¶ 3.) Based on his housing in CTC, plaintiff is not able to have physical access to the law library. Access is provided through the law library paging system. (Decl. of M. Lirones (ECF No. 36-2) ¶ 4.) Plaintiff may obtain legal materials, supplies, and photocopying through the paging system. (Id.) Plaintiff has used the paging system, but has refused to give library workers
////

---

[1] On September 11, 2017, plaintiff filed a first amended complaint. (ECF No. 37.) The court screens that complaint in a separate order.

his legal documents for photocopying. (Id. ¶¶ 5, 6.) Plaintiff also stated in a filing that he refused to hand over his legal documents for photocopying. (ECF No. 42.)

Since the court entered its August 18 findings and recommendations, plaintiff has filed eight unsolicited documents. He has also filed a response to Ms. Anderson's filing. (ECF No. 43.) In most of his filings, plaintiff seeks court orders requiring CSP-Corcoran to provide him physical library access; to prevent "torture" in the form of cold food, bright lights, and lack of access to programs and services; to respond to his appeals; and to transfer him out of the CTC. (ECF Nos. 32, 33, 34, 35, 39, 40, 41, 42, and 43.) In addition, plaintiff complains about a rules violation hearing which appears to have taken place when he was incarcerated at CSP-Sac, but also appears to bear no relationship to the subject matter of this case. (ECF No. 31.) Finally, plaintiff wants this court to provide him copies of his filings here. (ECF No. 35.)

**PLAINTIFF'S MOTIONS**

Most of plaintiff's filings seek injunctive relief against officials at CSP-Corcoran. In the August 18 findings and recommendations, the court provided plaintiff the standards for injunctive relief and explained that plaintiff's complaints against officials at CSP-Corcoran are not appropriate in this action. (ECF No. 30 at 4-6.) Those officials are not parties to this case and plaintiff's complaints about his confinement at CSP-Corcoran are not related to his ADA/RA claims about his cell at CSP-Sac. Plaintiff newest motions for injunctive relief should be denied on this ground as well.

Previously, the court inquired about plaintiff's ability to access the law library. As set out above, Ms. Anderson's filing makes clear that plaintiff has access to the law library, supplies, and photocopying through the paging system. Pursuant to § 3123 of the California Code of Regulations, an inmate who is "under restricted movement due to his or her medical status" may be limited to "law library paging for access to legal materials." Plaintiff is housed in the CTC section of the prison due to his medical condition. Inmates housed in the CTC section may obtain legal supplies, such as paper, law library materials, and copying services through the paging system. Plaintiff has apparently used this system, but has refused to have his legal documents taken away to be copied.

3

Plaintiff does not explain why the paging system is inadequate to allow him to access the library, legal supplies, and copying services for purposes of proceeding in this case. To the extent plaintiff contends the paging system is inadequate to protect his rights in other cases, that question will not be addressed in this proceeding. As explained above, plaintiff's complaints about his treatment at CSP-Corcoran are not relevant to this suit, which is limited to his ADA/RA claims regarding his incarceration at CSP-Sac. Accordingly, the court finds no basis to order the prison to provide plaintiff physical access to the library, additional supplies, or access to a photocopier.

With respect to plaintiff's request for copies from this court, plaintiff is advised that the clerk does not ordinarily provide free copies of case documents to parties. In forma pauperis status does not include the cost of copies. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948.

Finally, plaintiff is warned that he cannot continue his stream of filings in this case without consequences. Since he filed his original complaint less than a year ago, plaintiff has filed more than twenty motions and notices in this case. None of those motions have been successful and plaintiff has repeated the same requests for relief multiple times. Under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat[] pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)). Sanctions for violation of Rule 11(b) may include dismissal of the plaintiff's case. See Bell v. Harrington, No. 1:12-cv-0349-LJO-GBC (PC), 2012 WL 893815, *9 (E.D. Cal. Mar. 15, 2012). Plaintiff is advised that further motions for injunctive relief directed to officials at CSP-Corcoran will likely result in a recommendation that this action be dismissed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 31, 32, 33, 35, 39, 40, 41, and 42) be denied.

1   These findings and recommendations will be submitted to the United States District Judge
2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
3   after being served with these findings and recommendations, plaintiff may file written objections
4   with the court. The document should be captioned "Objections to Magistrate Judge's Findings
5   and Recommendations." Plaintiff is advised that failure to file objections within the specified
6   time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951
7   F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/tuns2665.injs fr