UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, Jr., <br><br> Plaintiff, <br><br> v. <br><br> D. BODENHAMER, et al., <br><br> Defendants. | No. 2:16-cv-2665 JAM DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, alleges his cell at California State Prison – Sacramento ("CSP-Sac") was not in compliance with the Americans with Disabilities Act ("ADA") or with section 504 of the Rehabilitation Act ("RA"). Plaintiff is currently confined at California State Prison – Corcoran ("CSP-Corcoran").

By order dated October 6, 2017, plaintiff was given the option to proceed on the complaint as screened or amend his complaint. (ECF No. 45.) Plaintiff was directed to return a completed summons and copies of the complaint so defendants could be served or file an amended complaint within thirty days of service of the court's order. (Id.) Plaintiff has not complied with the order, but has filed various motions, a notice, and objections to the court's October 10, 2017 findings and recommendations (ECF No. 46).

Presently before the court is plaintiff's motion for court order (ECF No. 44), motion for protective custody (ECF No. 49), motion for an extension of time (ECF No. 51), motions for the

1

appointment of counsel (ECF Nos. 52, 53), and motion for injunctive relief (ECF No. 54). The court will grant plaintiff's motion for an extension of time, deny the motion to appoint counsel, recommend denial of plaintiff's requests for injunctive relief, and give plaintiff one more opportunity to comply with its October 6, 2017 order.

## MOTION FOR EXTENSION OF TIME

On November 2, 2017, plaintiff requested a thirty day extension of time to comply with the court's October 6, 2017 order (ECF No. 45) because he had been taken to an outside hospital for surgery. (ECF No. 51.) The court finds that plaintiff has shown good cause for an extension of time. Plaintiff will be given thirty days from the date of this order to respond to the court's October 6, 2017 order directing him to file an amended complaint or complete the summons documents so that the remaining defendants can be served.

## MOTIONS TO APPOINT COUNSEL

Plaintiff filed two nearly identical motions for the appointment of counsel. (ECF Nos. 53, 54.) Plaintiff states he is requesting counsel as a reasonable accommodation under the ADA.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff states he requires the assistance of counsel under the ADA because he has cognitive functioning issues and is requesting counsel as a reasonable accommodation. Plaintiff

attached exhibits showing his Test of Adult Basic Education ("TABE") score and a list of his disabilities and accommodations, but fails explain how his cognitive functioning issues affect his ability to articulate his claims. Plaintiff has stated a cognizable claim and shown he is capable of articulating his claims based on the volume of filings in this case. The court does not find the required exceptional circumstances at this time. Accordingly, the court will deny the motion to appoint counsel without prejudice.

## PLAINTIFF'S OTHER MOTIONS

In addition to the above motions, plaintiff has also filed the following notice and motions requesting injunctive relief:

- October 5, 2017 "MOTION for Court order." Plaintiff moved the court to direct the warden at CSP-Corcoran to allow plaintiff physical access to the law library, release plaintiff from non-disciplinary confinement, provide plaintiff with access to programs, repair the light in his cell, and transfer plaintiff to California Medical Facility. (ECF No. 44.)
- October 18, 2017 "NOTICE of Torturous Tactics." Plaintiff informs the court he is being confined to his cell twenty-four hours a day in retaliation for complaints against staff members. (ECF No. 48.)
- October 24, 2017 "MOTION for Protective Custody." Plaintiff moved the court to order the warden at CSP-Corcoran to place plaintiff in protective custody because of plaintiff's documented enemies and his medical condition. (ECF No. 49.)
- November 17, 2017 "MOTION for INJUNCTIVE RELIEF." Plaintiff moved the court to direct the senior law librarian at CSP-Corcoran to provide plaintiff with assistance making legal copies, providing him with legal supplies and documents, and allow plaintiff access to the law library. (ECF No. 54.)

All of the above motions and notices relate to events that occurred at CSP-Corcoran and in each plaintiff asks the court to direct officials at CSP-Corcoran to take some action. As the court has previously informed plaintiff, motions directed towards officials at CSP-Corcoran are not appropriate in this action as none of the named defendants are employed at CSP-Corcoran.

Further, the events giving rise to the claim occurred at CSP-Sac. Because officials at CSP-Corcoran are not parties to this case and events at CSP-Corcoran are not related to the claims in this suit, the court will recommend that plaintiff's motions be denied. Plaintiff is again advised he must file a separate action if he wishes to pursue complaints regarding his confinement at CSP-Corcoran.

Plaintiff was previously warned that he could not continue his stream of filings in this case without consequences. (<u>See</u> ECF No. 46 at 4.) Plaintiff has filed the same or similar motions repeatedly, none of which has been successful. The court previously addressed plaintiff's request for protective housing (ECF No. 17), his issues regarding access to the law library, legal supplies, photocopying, and his requests for copies from the court (ECF No. 46), as well as his complaints regarding conditions of confinement at CSP-Corcoran (ECF No. 30).

Under Federal Rules of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat [] pending or previously litigated claims." <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988)). Sanctions for violation of Rule 11(b) may include dismissal of the plaintiff's case. <u>See</u> <u>Bell v. Harrington</u>, No. 1:12-cv-0349 LJO GBC PC, 2012 WL 893815 *9 (E.D. Cal. Mar. 15, 2012). Plaintiff is informed that any further motions for injunctive relief directed towards officials at CSP-Corcoran may result in a recommendation that this action be dismissed.

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for an extension of time is granted, his motions to appoint counsel are denied, and the court recommends his motions for injunctive relief be denied.

Plaintiff will be given one final opportunity to either amend the complaint or proceed on the complaint as screened. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to comply with the court's orders. <u>See</u> Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 51) is granted, plaintiff shall have

thirty days from the date of this order to amend the complaint or complete the Notice of Submission of Documents with the completed summons, the completed USM-285 form, and four copies of the endorsed first amended complaint filed September 11, 2017; and

2. Plaintiff's motions for the appointment of counsel (ECF Nos. 52 and 53) are denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for court order (ECF No. 44) be denied;
2. Plaintiff's motion for protective custody (ECF No. 49) be denied; and
3. Plaintiff's motion for injunctive relief (ECF No. 54) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DLB1/orders/prisoner-civil rights/tuns2665.mta.eot.injrel