UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, Jr., | No. 2:16-cv-2665 JAM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. BODENHAMER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his cell at California State Prison – Sacramento ("CSP-Sac") was not in compliance with the Americans with Disabilities Act ("ADA") or with section 504 of the Rehabilitation Act ("RA"). Plaintiff is presently housed at California State Prison – Corcoran ("CSP-Corcoran"). Before the court are plaintiff's motions for physical access to the law library (ECF No. 61) and for injunctive relief (ECF No. 62). For the reasons set forth below the court will recommend that both motions be denied and that this action be dismissed.

**BACKGROUND**

Plaintiff filed this action in November 2016. Before the court had the opportunity to screen the complaint, plaintiff filed four motions for injunctive relief (ECF Nos. 6, 7, 9, 10) and requested leave to amend the complaint (ECF No. 8). The court instructed plaintiff to file an amended complaint within thirty days and informed him that if he failed to do so the case would

proceed on his original complaint. (ECF No. 12.) The court also denied plaintiff's motions for injunctive relief requesting access to the library, transfer from CSP-Corcoran back to CSP-Sac, relief from confinement to his cell 24-hours per day, and his motion for the appointment of counsel. The court noted that plaintiff had been advised in a separate action he could not file repeated, meritless motions for injunctive relief and warned him he could not continue his stream of filings in this case without consequences. (Id. at 3.)

Plaintiff did not file an amended complaint. The court then screened plaintiff's original complaint, dismissed his claims, and instructed him to file an amended complaint within thirty days. (ECF No. 29.) The court additionally addressed ten motions and notices plaintiff had filed between July 20, 2017 and August 14, 2017 (ECF Nos 19, 21, 22, 23, 24, 26). (ECF No. 30.) In those filings plaintiff sought: (1) an order requiring CSP-Corcoran to provide him access to the law library, legal supplies, and a photocopy machine; (2) an order requiring CSP-Corcoran to allow plaintiff access to programs and services and to release him from the 24-hour per day/7-day a week confinement in his cell; (3) an order requiring CSP-Corcoran to provide plaintiff all of his meals; and (4) an order requiring officials at CSP-Corcoran to respond to plaintiff's appeals. (Id.) The court provided plaintiff the standards for injunctive relief and explained plaintiff's requests were inappropriate in this action because the relief plaintiff sought was not related to the subject matter of this suit. However, the court also ordered the Office of the Attorney General to contact the litigation coordinator at CSP-Corcoran and inform the court about plaintiff's access to the law library.

Supervising Deputy Attorney General Monica Anderson specially appeared by filing a response to the court's request for information regarding plaintiff's access to the law library. (ECF No. 36.) The reply stated that plaintiff was designated a Correctional Treatment Center ("CTC") inmate at CSP-Corcoran due to his medical status. (Id.) CTC inmates are not allowed physical access to the law library, but may obtain legal materials, supplies, and photocopying through the law library paging system. (Id.) The reply noted that plaintiff had used the paging system, but refused to give library workers his legal documents for photocopying. Plaintiff also stated he refused to give library workers his legal documents for photocopying. (ECF No. 42.)

Following the filing of the court's orders dismissing his complaint and denying his requests for injunctive relief, plaintiff filed eight unsolicited documents and a response to Ms. Anderson's filing. (ECF Nos. 32, 33, 34, 35, 39, 40, 41, 42, and 43.) The court recommended plaintiff's requests be denied and again informed plaintiff that injunctive relief against officials at CSP-Corcoran is not appropriate in this action. The court warned plaintiff for the second time that he could not continue his stream of filings in this case without consequences and informed him that further motions for injunctive relief directed towards officials at CSP-Corcoran would likely result in a recommendation that this action be dismissed. (ECF No. 46.)

By order dated October 10, 2017 the court screened plaintiff's first amended complaint and found he stated a potentially cognizable claim for violation of his rights under the ADA and the RA, but dismissed his retaliation claim. (ECF No. 45.) The court gave plaintiff the option to amend or proceed on the complaint as screened. (Id.) Plaintiff has failed to comply with the order to file an amended complaint or return a completed summons and copies of the complaint so that defendants may be properly served, but has filed thirteen motions, notices, and objections. (ECF Nos. 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 61, 62.)

Between October 18, 2017 and November 27, 2017 plaintiff filed a motion for court order (ECF No. 44), a motion for protective custody (ECF No. 49), two motions for the appointment of counsel (ECF Nos. 52, 53), two motions for injunctive relief (ECF Nos. 54, 55), and a motion for an extension of time (ECF No. 51). The motions repeated plaintiff's previous requests for relief regarding physical access to the library and confinement to his cell, as well as a request for placement in protective custody.

The undersigned recommended all of the motions and notices relating to plaintiff's confinement at CSP-Corcoran be denied. The court informed plaintiff for the third time that injunctive relief based on events occurring at CSP-Corcoran were inappropriate in this action because they are unrelated to his underlying claim and that he could not continue his stream of filings in this case without consequences. (ECF No. 56.) Plaintiff was warned for the second time that further motions for injunctive relief directed towards officials at CSP-Corcoran may result in a recommendation that this action be dismissed. (Id.)

3

Between December 4, 2017 and March 1, 2018, plaintiff filed three motions for injunctive relief requesting access to the law library (ECF No. 57, 61, 62), a notice (ECF No. 58), and objections to the court's findings and recommendations (ECF No. 59). Plaintiff acknowledged that his failure to comply with the court's order would likely result in a recommendation that this action be dismissed, but claims he cannot comply unless the court orders officials at CSP-Corcoran to provide plaintiff with two hours of physical access to the law library three times per week. (ECF Nos. 61, 62.)

Based on plaintiff's refusal to comply with court orders and his repeated filings of meritless motions requesting physical access to the law library the court will recommend that this action be dismissed.

## MOTIONS FOR INJUNCTIVE RELIEF

After the court issued a second warning that filing further motions seeking injunctive relief from officials at CSP-Corcoran would likely result in a recommendation that this action be dismissed, plaintiff filed two more motions for injunctive relief requesting physical access to the law library. (ECF Nos 61, 62.) Plaintiff's request for physical access to the law library is unrelated to plaintiff's underlying claim concerning ADA and RA violations at CSP-Sac. Therefore, it is inappropriate for the court to grant plaintiff's motions for injunctive relief in this case. See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself). Accordingly, the court recommends that these motions be denied because they are unrelated to the subject of plaintiff's underlying claim.

## DISMISSAL

Plaintiff has filed the same or similar meritless motions in this matter repeatedly, even after receiving two warnings that continuing to do so would result in a recommendation that this case be dismissed. Plaintiff acknowledged the court would likely dismiss his claim because he continued to file additional motions for injunctive relief. (ECF No. 62.) Because plaintiff has knowingly failed to comply with the court's instruction to file an amended complaint or submit

////

service documents and has continued to file motions requesting injunctive relief that is inappropriate in this action the court will discuss whether dismissal is warranted.

## I. Legal Standards

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal, since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.

## II. Discussion

### A. Public's interest in expeditious resolution of litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action has been pending since November 4, 2016.[1] Plaintiff was directed to file an amended complaint or return a completed summons with copies of the complaint so that defendants could be served approximately five months ago. (ECF No. 45.) During the five month delay plaintiff has filed six motions for injunctive relief (ECF Nos. 49, 54, 55, 57, 61, 62), two notices (ECF Nos. 48, 58), and two motions for the appointment of counsel (ECF Nos. 52, 53). Plaintiff has acknowledged that he is aware he must either amend or submit service documents. However, he has not done so, and instead has filed ten motions and notices regarding

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

5

his request for physical access to the law library, his request for the appointment of counsel, and complaints regarding his confinement at CSP-Corcoran. Plaintiff's failure to comply with the court's orders has prevented this action from moving forward. Accordingly, this factor weighs in favor of dismissal.

**B. Court's need to manage its docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

Since filing this action plaintiff has filed 22 motions for injunctive relief (ECF Nos. 6, 7, 9, 10, 11, 16, 19, 21, 22, 23, 24, 26, 31, 32, 33, 39, 40, 41, 42, 44, 49, 54) that have been denied. (See Findings and Recommendations (ECF Nos. 12, 17, 30, 46, 56) and Orders adopting Findings and Recommendations in full (ECF Nos. 18, 47, 63, 60, 64).) Plaintiff's failure to comply with this court's orders and filing repeated motions addressing conditions at his current facility rather than pursue this claim suggests that he has abandoned this action and that further time spent by the court on this issue will consume scarce judicial resources[2] in addressing litigation which plaintiff demonstrates no intention to pursue. Additionally, plaintiff's failure to comply with the court's order to file an amended complaint or a completed summons with copies of the complaint has prevented this case from moving forward. Accordingly, this factor weighs in favor of dismissal.

**C. Risk of prejudice to defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)). The "pendency of a lawsuit is not sufficiently

---

[2] "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, the risk of prejudice is also considered in relation to the plaintiff's reason for defaulting. Id. (citing Yourish, 191 F.3d at 991).

Here, plaintiff stated he has not submitted service documents because he is being denied access to the law library. However, the court verified that plaintiff has access to legal supplies and photocopies through the law library paging system. (ECF No. 36.) Additionally, plaintiff has acknowledged that he refused to hand over his legal documents to be photocopied. (ECF No. 42 at 1.) Thus, the delay caused by plaintiff's failure to comply with the court's order is unreasonable. See Pagtalunan, 291 F.3d at 643 (finding pro se prisoner's failure to transfer habeas petition to correct forms and delete "et al." from the caption was an unreasonable delay). Accordingly, this factor weighs in favor of dismissal.

### D. Availability of less drastic alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)). The court has warned plaintiff several times that failure to file an amended complaint or comply with court orders may result in a recommendation that this action be dismissed. (ECF Nos. 29, 45, 56.) The court has also informed plaintiff that requests for injunctive relief unrelated to his underlying complaint are inappropriate in this action. In spite of these warnings plaintiff has failed to comply with the court's orders and has instead continued his stream of filings requesting relief that is unrelated to his underlying claim.

At this stage of the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce court resources. Plaintiff is proceeding in forma pauperis, making monetary sanctions of little use. An order limiting plaintiff's filings may reduce the burden on the court's resources, but would not address plaintiff's repeated failures to comply with court orders even after being warned that further noncompliance may result in a recommendation that this action be dismissed. Accordingly, this factor weighs in favor of dismissal.

### E. Public policy favoring disposition of cases on their merits

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

### III. Conclusion

While public policy weighs against dismissal, all the other factors favor dismissal. Instead of pursuing his claim in this suit plaintiff has filed a stream of motions and notices seeking relief on matters unrelated to his claim and has filed the same or similar motions numerous times. The court cannot continue to expend time and resources on a claim that plaintiff appears to have abandoned in favor of pursuing a new claim regarding conditions of confinement at his current facility. As the court has previously informed plaintiff, if he wishes to pursue a civil rights claim regarding conditions at CSP-Corcoran he should file a separate action addressing those issues. Accordingly, the court will recommend that this action be dismissed because plaintiff has refused to comply with this court's order preventing this case from moving forward and has filed similar motions requesting injunctive relief that is improper in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions for injunctive relief (ECF Nos 61, 62) be denied; and

2. This case be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 2, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DLB1/orders/prisoner-civil rights/tuns2665.dism

8